**YOUNG YUN CHEN, a.k.a. Yun Chen Young, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–2293–ag.

United States Court of Appeals, Second Circuit.

April 1, 2008.

Thomas V. Massucci, New York, NY, for petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; David E. Dauenheimer, Senior Litigation Counsel; Sharon M. Clay, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Young Yun Chen, a native and citizen of the People's Republic of China, seeks review of an April 30, 2007 order of the BIA affirming the August 23, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Young Yun Chen,* No. A79 425 055 (B.I.A. Apr. 30, 2007), *aff'g* No. A79 425 055 (Immig. Ct. N.Y. City Aug. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

After a hearing on the merits, the IJ denied Chen relief, finding him not credible. The BIA affirmed and Chen appealed to this Court. While Chen's appeal was pending, we issued our decision in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc), a decision fatal to his petition. In *Shi Liang Lin,* we held that 8 U.S.C. § 1101(a)(42), the statute on which Chen relies, does not apply to a spouse such as he, who has not "demonstrate[d] 'other resistance to a coercive population control program' or 'a well

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

founded fear that he ... will be ... subject to persecution for such ... resistance. .....'" 494 F.3d at 314 (alterations in original) (quoting 8 U.S.C. § 1101(a)(42)). We are obligated to apply this intervening precedent. *See, e.g., Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir.2007) (applying intervening precedent of *Shi Liang Lin* to petitioner's claims).

Chen argues that, in *Shi Liang Lin,* we "did not make any finding concerning whether a forced abortion of a person's unborn child could be a persecutory act," and if such an act constitutes persecution, "then the fact that this would occur during resistance to a coercive population control program would apply to male asylum applicants." Contrary to Chen's argument, in *Shi Liang Lin* we explicitly held that the definition of "refugee" under 8 U.S.C. § 1101(a)(42) does not extend automatically to partners (legally related or otherwise) of individuals who have been forcibly sterilized or forced to have an abortion. 494 F.3d at 314 (affirming, in part, *In re S-L-L-,* 24 I. & N. Dec. 1, 8–11 (B.I.A. 2006)). We also held in *Shi Liang Lin* that an alien may establish eligibility for asylum by demonstrating past persecution based on his or her own "other resistance" to a coercive population control program or a well-founded fear that he or she will be subjected to persecution for such "resistance." *Id.* Because Chen fails to allege that he engaged in any resistance, he is unable to establish his eligibility for asylum under 8 U.S.C. § 1101(a)(42). *Id.*[2]

Because Chen is unable to meet the standard for asylum, he is necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal, which rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d

148, 156 (2d Cir.2006). Last, because Chen failed to challenge the denial of his CAT claim in his brief to this Court, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005) (stating that we consider waived and normally will not address issues that are not sufficiently argued in the briefs).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** Because Chen does not qualify for asylum as a matter of law, we need not address his challenge to the IJ's adverse credibility finding or his related claims that the IJ violated his due process rights and that the BIA engaged in improper fact-finding.